## STANLEY MANLY BOYS CLOTHES, Inc., v. HICKEY. (No. 8289.)

(Court of Civil Appeals of Texas. Galveston. April 10, 1924.)

Evidence ⬤⟳589—Jury held authorized to accept buyer's testimony in action for breach of contract to sell.

In a cross-action by a buyer for breach of a contract to sell, jury *held* authorized to accept buyer's testimony that the seller acknowledged receipt of his order for goods, and that buyer did not receive the seller's claimed letter making different terms.

Appeal from Leon County Court; C. D. Craig, Judge.

Action by Stanley Manly Boys Clothes, Inc., against H. K. Hickey, who filed a cross-action. Judgment for defendant, and plaintiff appeals. Affirmed.

See, also, 259 S. W. 160.

Joe H. Seale, of Centerville, for appellant. M. L. Bennett, of Normangee, and W. D. Lacey, of Centerville, for appellee.

GRAVES, J. The appellant in this court, as plaintiff below, sued the appellee here, as defendant below, upon an account for goods and merchandise sold and delivered by it to appellee, in the amount of $364.50. The appellee, after admitting receipt of the goods in the amount so declared upon and the fact that they had not been paid for, by cross-action reconvened for damages, alleging that appellant had, on May 23, 1919, contracted to sell appellee, on a written order signed by him, a bill of goods amounting in all to the sum of $1,201.50, to be delivered to him on August 1, 1919, or within a reasonable time thereafter, reciting that he was to pay for the same on November 1, 1919; that after having delivered to him the $364.50 worth of goods, appellant breached the contract on September 15, 1919, and refused to deliver to appellee the remaining $837 worth of clothing called for in the contract, unless he would then pay cash for this remaining balance and also pay for the $364.50 worth he had already received; that at that time he

had been unable to meet either of these requirements, but could have paid for the entire bill on November 1, 1919, as agreed; that the price of the goods on the open market was much higher on September 15th than on May 23d, to the extent of $418.50; and that he suffered special damages in the amount of such increase in value by the refusal of the appellant to deliver to him the balance of $837 worth of the goods as stipulated.

Appellant then further pleaded that the written order for the goods so signed by appellee was drawn on one of its regular printed forms, which carried the provision as to time of payment, "Net 10 days upon arrival of goods"; that its traveling salesman, in procuring appellee's order, had changed the time of payment to read, "Nov. 1, 2% 10 days," without authority to do so; and that it neither accepted nor ratified the order in that form, but notified appellee that he would only be extended a line of credit for $400 on regular terms of 10 days net, which arrangement he acquiesced in and received the $364.50 worth of goods under.

Issues having been so joined, the trial court, after outlining the nature of the cause and directing a verdict for appellant in the sum of $364.50 for the goods shipped and admittedly unpaid for, submitted to a jury the fact questions raised by the pleadings referred to, in effect instructing them that appellee would be entitled to recovery on his cross-action whatever was found to be the increased value of the undelivered portion of the goods at the time appellant refused to deliver them, not to exceed $418.50, provided appellant's salesman had authority to change the date of payment in the order, or that it had accepted and ratified the contract in that form, thereafter breaching the same, and further provided appellee was then unable to pay cash for the goods.

The jury found for appellant for the $364.50 as directed and in favor of the appellee on his cross-action for $418.50, thus necessarily resolving all the fact issues so raised in the latter's favor. The court thereupon offset the one of these amounts against the other, and rendered judgment for the difference of $54 in favor of appellee.

On original submission here, after concluding that the facts in this connection recited were comprehended in the jury's verdict and were supported by evidence, this court certified to the Supreme Court the question as to whether or not, the appellee being solvent at the time of appellant's breach of the contract between them but not then having the money with which to pay cash for the goods and not trying to borrow it, he was entitled as the measure of his damage to recover the difference between the contract price of the undelivered portion thereof and their value at the time appellant breached its agreement to deliver them to him; that court, by an opinion filed here March 12, 1924 (259 S. W. 160), has answered that he was.

That answer adversely disposes of what appears to be appellant's leading contention on appeal, which is that, in the circumstances referred to, appellee's damages should have been restricted to the interest on the amount of the undelivered goods for the period of the credit.

In other respects, also, we find that the evidence was sufficient to support the jury's findings, which, under the preceding statement as to the issues submitted, include one to the effect that the time of payment was fixed as appellee alleged.

These conclusions determine the merits of the appeal; the appellee testified that, shortly after giving the salesman the written order for the goods, he received an unconditional acknowledgment of it from appellant thanking him for giving it, and did not receive a letter of June 2, 1919, appellant claimed to have sent him making different terms. The jury were authorized to accept these statements.

Finding no reversible error, the judgment is affirmed.

Affirmed.